Filed 7/26/16  Edward H. v. Superior Court CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EDWARD H., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF SAN DIEGO COUNTY, <br><br> Respondent; <br><br>———————————————— <br><br> SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY et al., <br><br> Real Parties in Interest. | D070301 <br><br> (San Diego County Super. Ct. No. J511038F) |

PROCEEDINGS for extraordinary relief after reference to a Welfare and

Institutions Code section 366.26 hearing.  Gary M. Bubis, Judge.  Petition denied.

Judith E. Klein for Petitioner.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County

Counsel, and Kristen Ojeil, Deputy County Counsel, for Real Party in Interest San Diego

County Health and Human Service Agency.

Dependency Legal Group of San Diego, Carolyn Levenberg and Caitlin Zaback, for Real Party in Interest, a minor.

Hanah H.'s father, Edward H., seeks review of a juvenile court order terminating reunification services after 12 months and setting a hearing under Welfare and Institutions Code section 366.26.[1]  Edward contends that the court erred in refusing to extend his reunification services because he had visited Hanah regularly, maintained employment, remained sober for one year, and made some progress in his reunification plan.  We deny Edward's petition because he failed to demonstrate that he met the requirements under section 366.21, subdivision (g), to receive additional services.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2015, the San Diego County Health and Human Services Agency (the Agency) filed a petition on behalf of five-day-old Hanah, alleging that she was at substantial risk of suffering serious physical harm because her parents' mental illnesses prevented them from properly caring for her.  Hanah's mother had engaged in behavior that could have resulted in smothering Hanah.  Further, neither Hanah's mother nor Edward demonstrated an understanding of how to safely care for an infant.

At the time the Agency filed the petition, Hanah's mother had been living at an independent living program for people with mental and physical disabilities.  Edward lived with a friend's mother.  He reported that he was on a waiting list for Section 8

---

[1]    Statutory references are to the Welfare and Institutions Code.

housing and had recently lost his job. Edward received social security income as a result of his schizophrenia. He was looking for part-time work.

After Hanah was born, Edward was at the hospital most of the time and behaved appropriately around her. Edward told a social worker that he could not take care of a baby by himself and that if he got the baby, he would have to move into his mother's home in Atlanta. Edward and Hanah's mother had previously had another child who had also been removed from their care. Edward disclosed that he and Hanah's mother had frequently used methamphetamine together.

In April 2015, the juvenile court held a contested jurisdiction and dispositional hearing. The court made a true finding on the petition, removed Hanah from both parents' custody, placed Hanah in a foster home, denied reunification services to Hanah's mother, and ordered reunification services for Edward. Edward's case plan included participation in a domestic violence program if recommended by a therapist, as well as participation in a parenting group and an outpatient substance abuse program, substance abuse testing, attendance at a 12-step program at least twice per week, and a requirement that he remain sober. The case plan was designed to address Edward's substance abuse problems (Edward had a positive methamphetamine test in April 2015), his history of schizophrenia, domestic violence issues, and his inability to safely care for Hanah due to his lack of knowledge and experience with children.

During the first reporting period, Edward attended a parenting group once per week and received parenting instruction during his visits with Hanah. Edward also attended a Grossmont Hospital Behavioral Health Services Outpatient Program for

3

approximately four months to address his mental health and substance abuse issues. After completing the program at Grossmont Hospital, Edward reported that he attended Smart Recovery classes for aftercare, but did not provide documentation confirming his attendance. Edward did not attend a 12-step program and did not have a sponsor, but indicated that he had learned to stay sober.

In September 2015, Edward's parenting educator reported that Edward was learning to put into practice what she was teaching him and that he was practicing new concepts of child development in sessions. Edward brought supplies to visits, fed and changed Hanah, took care of her when she spat or had a runny nose, responded appropriately to her signals, demonstrated empathy and a parenting role, and would tend to her when she cried. However, Edward still needed prompting in learning to play with and take care of Hanah.

Edward volunteered for and began an inpatient schizophrenia study at Synergy Hospital, a clinical trial center for psychiatric disorders and other neurological mental conditions. Edward participated in the clinical research trial for 52 days.

At the six-month review hearing in October 2015, the trial court found that Edward had made some progress with the provisions of his case plan. However, the court determined that return of Hanah to the custody of her parents would create a substantial risk of detriment to her physical and emotional well-being. Thus, the court placed Hanah in the approved home of a relative and continued reunification services for Edward.

4

After the six-month review, Edward obtained three part-time jobs and began living at a transitional living center where he shared a room with three other men. A social worker referred Edward to a transitional living center where he could reside with Hanah, but Edward did not follow through on the referral. Additionally, Edward reported that he had stopped attending Smart Recovery meetings. Edward had not attended a substance abuse program since August 2015 and tested positive for drugs in December 2015.

At the time of his 12-month review, Edward was unable to discuss Hanah's development or her basic needs. He also did not know how to comfort her when she cried or how to interact with her. Edward was inconsistent in scheduling time with his in-home parenting provider and did not show up for some parenting meetings. Further, at one in-home session, Edward exhibited bizarre behavior that concerned both the parenting support provider and Hanah's caretaker. In contrast, at another session, Edward was engaged during his visit with Hanah, paid close attention to her, and discussed how he applied skills that he had previously learned. Edward visited Hanah for approximately 15 minutes every other day. Those visits were supervised throughout the reporting period.

In April 2016, the juvenile court held a contested 12-month review hearing. Edward's counsel requested a continuance, citing *In re Elizabeth R.* (1995) 35 Cal.App.4th 1774 (*Elizabeth R.*). The court deferred ruling on the request until after the close of evidence.

At the hearing, Edward testified that he visited Hanah every day for varied periods of time and brought her various snacks. He changed her diaper, but did not bathe her

5

because he worked during her normal bath time. Edward never had unsupervised visits with Hanah.

Edward reported that he was in the hospital for 52 days for a schizophrenia research study. At the time of the hearing, he was back on his psychiatric medication and stated that he had been sober for almost one year. According to Edward, his last positive drug test was in January 2015.

Edward stated that he learned parenting skills from his reunification services. He believed that he would benefit from further services because he loved his kids, had previously lost a child, and did not want to lose another. Edward had a close relationship with his sister, who was Hanah's caregiver.

After considering the evidence, the court found that returning Hanah to her parents would create a substantial risk of detriment to her physical and emotional well-being. The court also found that reasonable services had been provided to Edward and that although he had made some progress with the provisions of his case plan, there was not a substantial probability that Hanah could be returned to his custody. Thus, the juvenile court terminated Edward's reunification services and set a section 366.26 hearing in August 2016 to select and implement a permanent plan.

With regard to Edward's request for a continuance under *Elizabeth R., supra*, 35 Cal.App.4th 1774, the juvenile court concluded that the case did not apply because it pertained to whether services should be continued beyond the 18-month date. The court further stated that even if it did apply, the court would deny the continuance request.

6

Edward petitioned for review of the juvenile court's order and requested a stay of the selection and implementation hearing. (Cal. Rules of Court, rule 8.452.)[2] This court issued an order to show cause and denied Edward's stay request. The Agency responded to Edward's petition, Hanah's counsel joined the Agency's arguments, and the parties waived oral argument.

DISCUSSION

I

*Edward's Petition Fails to Comply with Rule 8.452(b)*

The Agency asserts that Edward's petition should be dismissed because it does not comply with rule 8.452(b).

Rule 8.452(b)(2) provides that the memorandum in support of a petition "must state each point under a separate heading or subheading summarizing the point and support each point by argument and citation of authority." Further, "[t]he memorandum must support any reference to a matter in the record by citation to the record. The memorandum should explain the significance of any cited portion of the record and note any disputed aspects of the record." (Rule 8.452(b)(3).)

Edward's memorandum in support of his petition is substantially deficient and does not comply with the requirements of rule 8.452(b). Notably, Edward's argument consists of just over one half page with no headings, only one case citation, and no record citations. Further, other than drawing a slight factual parallel between his case and his

_____

[2]      Rule references are to the California Rules of Court.

7

cited legal authority, Edward fails to explain how the cited case supports his position. Finally, Edward fails to note a significant dispute in the record. Specifically, relying only on his testimony, Edward argues that he has been sober for one year; he neglects to point to evidence in the record that he tested positive for drugs in December 2015.

Although we agree with the Agency that Edward's petition has substantial deficiencies, we will consider its merits. (Rules 8.204(e)(2)(C) [court can disregard noncompliance in briefs], 8.452(h)(1) ["absent exceptional circumstances, the reviewing court must decide the petition on the merits by written opinion"].)

II

*Edward Did Not Satisfy His Burden to Show That He Meets the Requirements Necessary to Receive Additional Services*

Edward argues that the court erred by terminating his reunification services because he had visited Hanah regularly, made some progress in his case plan, maintained employment, and had been sober for one year. Relying on *Elizabeth R., supra*, 35 Cal.App.4th 1774, Edward further contends that the court should have provided him additional services.

Generally, for a child who was under three years of age at the time of removal from the physical custody of her parent, the juvenile court provides no more than 12 months of reunification services. (§ 361.5, subd. (a)(1)(B).) Under section 366.21, subdivision (g)(1), a court may continue a case to a date within 18 months after the child was originally taken into protective custody only if there is a substantial probability that the child will be returned to the parent's physical custody and safely maintained in the

8

home by that time. In considering whether to extend the case to the 18-month date, the court must make all of the following findings:

> "(A) That the parent or legal guardian has consistently and regularly contacted and visited with the child.

> "(B) That the parent or legal guardian has made significant progress in resolving problems that led to the child's removal from the home.

> "(C) The parent or legal guardian has demonstrated the capacity and ability both to complete the objectives of his or her treatment plan and to provide for the child's safety, protection, physical and emotional well-being, and special needs." (*Ibid.*)

Whether appellate review is sought in a writ proceeding or in an appeal, we apply the general rule that the trial court's judgment or order is presumed correct and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Where, as here, our standard of review requires that we review the juvenile court's order for substantial evidence (*Patricia W. v. Super. Ct.* (2016) 244 Cal.App.4th 397, 419), the party challenging the order "has the burden to demonstrate that there is no evidence of a sufficiently substantial character to support the [order]." (*In re Geoffrey G.* (1979) 98 Cal.App.3d 412, 420; see also *In re N.M.* (2011) 197 Cal.App.4th 159, 169.)

Edward made absolutely no effort to demonstrate that he met the requirements of section 366.21, subdivision (g), to continue services to the 18-month date. He also fails to argue that no substantial evidence supported the trial court's order terminating reunification services. Instead, citing *Elizabeth R., supra*, 35 Cal.App.4th 1774, Edward simply contends, "a parent can be given more time when there is a reason they have been unable to participate in services for the full reunification period."

9

Edward's reliance on *Elizabeth R., supra*, 35 Cal.App.4th 1774 is misplaced. In that case, the mother was diagnosed with bipolar disorder. (*Id.* at p. 1778.) She had spent all but five months of the 18-month reunification period hospitalized, which limited her ability to participate in reunification services. (*Id.* at p. 1777.) Nevertheless, by the time of the 18-month review hearing, the mother had substantially complied with her case plan and had insisted on visitation as much as possible. (*Id.* at p. 1792.) Believing that its only choice at the 18-month review hearing was to either return the children to the mother's custody or terminate reunification services and order a section 366.26 hearing, the juvenile court terminated reunification services. (*Id.* at p. 1789.) The appellate court disagreed with the juvenile court, concluding that the juvenile court had discretion to continue reunification services beyond the 18-month date in rare instances in which the best interests of the child would be served by a continuance of the 18-month date. (*Id.* at pp. 1798-1799.)

Edward claims that his case is similar to *Elizabeth R.* because, like the mother in that case, he "had an impeccable visitation record." He also suggests that he should be provided further reunification services because, similar to the mother in *Elizabeth R.*, he was hospitalized for 52 days for a clinical research study during the reunification period. Edward points out that he has significant mental health issues, has remained on his medication except while in a schizophrenia study, maintained employment, and visited Hanah daily. While we recognize that Edward made some progress with aspects of his case plan, the facts of his case are different in important respects from the facts of *Elizabeth R.* For example, unlike the mother in *Elizabeth R.*, Edward had not

10

substantially complied with his case plan. He had not fully resolved his substance abuse issues, which was revealed by his positive drug test in December 2015, was inconsistent with his attendance at parenting classes, and had not made housing arrangements suitable for reunifying with his daughter. Additionally, in comparison to the five-month hospitalization of the mother in *Elizabeth R.*, Edward's hospitalization was relatively brief and did not preclude his visitation with Hanah.

Importantly, *Elizabeth R.* pertains to continuing services past the 18-month date where the juvenile court was "optimis[tic] about the prognosis for family reunification," but was unaware of its discretion to continue services. (*Elizabeth R., supra*, 35 Cal.App.4th at p. 1794.) In this case, Edward sought to continue reunification services beyond the 12-month date but had not demonstrated that he met the requirements of section 366.21, subdivision (g), for doing so. Moreover, the juvenile court was aware of its authority under *Elizabeth R.* and concluded that even if that case applied to the 12-month review hearing, it would deny Edward's request to continue the case in order to provide him additional time to reunify. Edward has not demonstrated that the juvenile court's ruling was erroneous.

DISPOSITION

The petition is denied.

AARON, J.

WE CONCUR:


O'ROURKE, Acting P. J.


PRAGER, J.*

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12